# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR11-3003-MWB |
| vs. | **ORDER CONCERNING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |
| TODD REYNOLDS, | |
| Defendant. | |

_____

## *I. INTRODUCTION AND BACKGROUND*

On January 19, 2011, defendant Todd Reynolds was charged in an Indictment with conspiracy to manufacture and distribute 50 grams or more pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, possessing pseudoephedrine, in violation of 21 U.S.C. § 841(c)(1) and 841(c)(2), and manufacturing and attempting to manufacture 5 grams of more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). On August 29, 2011, defendant Reynolds appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the Indictment, under a binding plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In the plea agreement, the parties have stipulated to a sentence of 84 months imprisonment. On this same date, Judge Zoss filed a Report and Recommendation in which he recommended that defendant Reynolds's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. On September 13, 2011, I accepted Judge Zoss's Report and Recommendation, and accepted defendant Reynolds's plea of guilty to Count 1 of the Indictment. However, I did not decide whether I would accept the parties' Rule 11(c)(1)(C) plea agreement and the agreed upon sentence in that plea agreement. Instead, I informed the parties that I would make

that determination at the end of the sentencing hearing. Defendant Reynolds's sentencing is set for December 27, 2011.

On December 15, 2011, defendant Reynolds filed a Motion to Withdraw Guilty Plea (docket no. 93). In his motion, defendant Reynolds argues he should be permitted to withdraw his guilty plea because his counsel erroneously informed him that he was not eligible for safety valve relief. On December 19, 2011, the prosecution filed its response indicating that it does not resist defendant Reynolds's motion.

## II. ANALYSIS
### A. Standard Of Review

Federal Rule of Criminal Procedure 11(d) provides as follows:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.**
> A defendant may withdraw a plea of guilty or nolo contendere:
> **(1)** before the court accepts the plea, for any reason or no reason; or
> **(2)** after the court accepts the plea, but before it imposes sentence if:
> **(A)** the court rejects a plea agreement under Rule 11(c)(5); or
> **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM. P. 11(d).

Pursuant to Rule 11(d), before the court imposes sentence, a defendant may move to withdraw his guilty plea if there is a "fair and just reason" for doing so. *See* FED. R. CRIM. P. 11(d)(2)(B). Accordingly, defendant Reynolds is required to show "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B); *see United States v. Held*, 651 F.3d 850, 853 (8th Cir. 2011) ("After a guilty plea is accepted but before sentencing, a defendant may withdraw the plea if he establishes 'a fair and just reason for requesting the withdrawal.'") (quoting *United States v. Goodson,* 569 F.3d 379,

382 (8th Cir. 2009)); *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009) ("'The defendant bears the burden of showing fair and just grounds for withdrawal.'") (quoting *United States v. Mugan*, 441 F.3d 622, 630-31 (8th Cir. 2006)); *United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008) ("After his guilty plea is accepted but before sentencing, a defendant may be permitted to withdraw the plea for 'a fair and just reason.'"); *United States v. Taylor*, 515 F.3d 845, 851 (8th Cir. 2008) ("If a defendant presents a 'fair and just reason' for the withdrawal, the defendant may withdraw a guilty plea after the court's acceptance of the plea, but before sentencing."). In addition to considering whether there is a "fair and just reason" for the defendant to be allowed to withdraw his guilty plea, "[t]he district court may also consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion." *Mugan*, 441 F.3d at 630; *accord Green*, 521 F.3d at 932; *United States v. Smith*, 422 F.3d 715, 721 (8th Cir. 2005); *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005). "Guilty pleas should not be 'set aside lightly.'" *Mugan*, 441 F.3d at 631 (quoting *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997)).

### B. *"Fair And Just Reason" To Withdraw The Plea*

Reynolds contends that there is a "fair and just reason" for permitting him to withdraw his guilty plea. Reynolds asserts that he was unaware that he was eligible for safety valve relief when he pleaded guilty. Reynolds argues that because he did not know of his eligibility for safety valve relief, his plea was not knowing, voluntary, and intelligent. Reynolds argues if he had known about his eligibility for safety valve relief he would not have entered into the 11(C)(1)(c) plea agreement but instead would have pleaded guilty straight up to the charged offense and sought a downward variance in his sentence. As indicated above, the prosecution does not resist defendant Reynolds motion.

I conclude that defendant Reynolds has articulated a fair and just reason to withdraw his guilty plea. *See United Peleti*, 576 F.3d 377, 383 (7th Cir. 2009) (holding that ineffective assistance of counsel can render plea agreement involuntary and constitute basis for withdrawing guilty plea); *United States v. Doe*, 537 F.3d 204, 213 (2nd Cir. 2008) ("'Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty.'") (quoting *United States v. Arteca,* 411 F.3d 315, 320 (2d Cir. 2005)). Therefore, defendant Reynolds' motion is granted.

## III. CONCLUSION

After considering defendant Reynolds's arguments and reviewing the record, I find that he has demonstrated a fair and just reason to withdraw his guilty plea. Therefore, defendant Reynolds's Motion To Withdraw Guilty Plea is **granted**. The sentencing hearing set for December 27, 2011, at 11:00 a.m. is cancelled. Because defendant Reynolds requests to plead guilty straight up to the charged offense, a change of plea hearing will be held before Chief Judge Zoss on **Wednesday, December 28, 2011, at 4:00 p.m.**

**IT IS SO ORDERED.**

**DATED** this 20th day of December, 2011.

*[signature: Mark W. Bennett]*
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA